Michael E. BROWN, Petitioner-
Appellant,

v.

David BALLARD, in his capacity as
Warden, Mt. Olive Correctional
Complex, Respondent-Appellee.

No. 17-6837

United States Court of Appeals,
Fourth Circuit.

Submitted: October 24, 2017

Decided: December 8, 2017

Michael E. Brown, Appellant Pro Se.
Derek A. Knopp, OFFICE OF THE AT-
TORNEY GENERAL, Charleston, West
Virginia, for Appellee.

Before MOTZ, TRAXLER, and
FLOYD, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Michael E. Brown seeks to appeal the
district court's orders adopting the magis-
trate judge's recommendation and dismiss-
ing Brown's 28 U.S.C. § 2254 (2012) peti-
tion, and granting in part and denying in
part Brown's motion for reconsideration.
We dismiss the appeal for lack of jurisdic-

tion because the notice of appeal was not
timely filed.

Parties are accorded 30 days after the
entry of the district court's final judgment
or order to note an appeal, Fed. R. App. P.
4(a)(1)(A), unless the district court extends
the appeal period under Fed. R. App. P.
4(a)(5), or reopens the appeal period under
Fed. R. App. P. 4(a)(6). "[T]he timely filing
of a notice of appeal in a civil case is a
jurisdictional requirement." *Bowles v. Rus-
sell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168
L.Ed.2d 96 (2007).

The district court's order dismissing
Brown's § 2254 petition was entered on
the docket on March 31, 2016; the appeal
period for Brown's § 2254 petition thus
expired on April 30, 2016. Brown did not
file a notice of appeal until June 16, 2017.[1]
Although he filed a Fed. R. Civ. P. 60(b)(6)
motion for reconsideration on November
14, 2016, that motion was filed more than
28 days after the dismissal order. Thus,
that motion did not operate to toll the
period for Brown to appeal the March 31
order dismissing his § 2254 petition, and
Brown's notice of appeal is therefore un-
timely. *See* Fed. R. App. P. 4(a)(4)(A)(vi)
(providing that appeal period is tolled after
filing of motion "for relief under Rule 60 if
the motion is filed no later than 28 days
after the judgment is entered.").

As to Brown's Rule 60(b) motion for
reconsideration, the district court's order
ruling on the motion was entered on the
docket on December 19, 2016, and the
notice of appeal was filed well beyond the
appeal period for the order.

Because Brown failed to file a timely
notice of appeal[2] or to obtain an extension

---

1. For the purpose of this appeal, we assume
that the date appearing on the notice of ap-
peal is the earliest date it could have been
delivered to prison officials for mailing to the
court. Fed. R. App. P. 4(c); *Houston v. Lack*,

487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d
245 (1988).

2. Although Brown asserts on appeal that he
did not receive a copy of the order disposing

or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

of his motion for reconsideration, and his notice of appeal should therefore be deemed timely, the order was sent to Brown's counsel of record. Regardless of whether counsel actually provided Brown with a copy of the order, Brown is deemed to have received notice of the order through counsel. See Irwin v.

Dep't of Veterans Affairs, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotation marks omitted)).